IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON V. LIPSCOMB,<br><br>                **Plaintiff,**<br><br>v.<br><br>ANTHONY WILLS,<br>OFFICER OWENS,<br>OFFICER SHERN, and<br>JOHN DOE,<br><br>                **Defendants.** | Case No. 24-cv-02508-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Keon Lipscomb, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Menard Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on February 10, 2024, while on crisis watch at Menard Correctional Center, Officer Owens gave him a staple and repeatedly called him derogatory names and told him to kill himself. (Doc. 1, p. 2). Other individuals in custody around Plaintiff overheard Owens and began chanting that Plaintiff was a baby rapist and encouraging Plaintiff to kill himself. (*Id.*).

Plaintiff asked to speak to a sergeant or lieutenant, and he told Owens that he was feeling suicidal and homicidal. (*Id.* at p. 3). Owens yelled to the other inmates that Plaintiff was about to kill himself, and the others whistled and cheered. Plaintiff then saw Sergeant John Doe, and he told John Doe that he was being harassed and was going to kill himself. John Doe responded, "Who cares?" John Doe left the gallery and closed the gallery door. Plaintiff then asked Officer Shern to remove him from the harassing environment and that he was about to start cutting himself. Shern responded, "I can't stop you from killing yourself, but I [would] love to see you do it." (*Id.*).

Plaintiff then cut himself with the staple provided by Owens. (Doc. 1, p. 4). Plaintiff states that Owens and Shern stood and watched while he self-harmed. Plaintiff requested to see a nurse or a doctor, but the officers denied his request. At some point, John Doe came back through the gallery. Plaintiff showed John Doe his harm and told John Doe he was going to kill himself. John Doe responded, "good." (*Id.*). After cutting his arm with the staple for over an hour, Shern informed his superiors. Plaintiff was removed from the cell and received six stiches. (*Id.* at p. 5).

**PRELIMINARY DISMISSALS**

Plaintiff does not assert any allegations against Defendant Warden Wills in the Complaint. He states that Wills was named as a defendant for discovery purposes. (Doc. 1, p. 1). Thus, to the extent Plaintiff intended to bring any claims and for the sake of clarity, all claims against Wills are dismissed without prejudice. Wills will remain a defendant in his official capacity only for the purposes of responding to discovery aimed at identifying the John Doe defendant.

**DISCUSSION**

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following counts:

**Count 1:** First Amendment retaliation claim against Owens.

| | |
|---|---|
| **Count 2:** | Eighth Amendment cruel and unusual punishment claim against Owens, Shern, and John Doe for deliberate indifference to and/or failure to protect Plaintiff from a serious risk of self-harm. |
| **Count 3:** | Eighth Amendment deliberate indifference claim against Owens, Shern, and John Doe for failing to provide Plaintiff medical care for the injuries he sustained by self-harming. |
| **Count 4:** | State law intentional infliction of emotional distress against Owens, Shern, and John Doe. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.[2]**

### Count 1

Plaintiff claims that Owens provided him a staple, encouraged him to kill himself, and verbally harassed him because he, Plaintiff, participated in hunger strikes and filed lawsuits on correctional staff. (Doc. 1, p. 2). These allegations are sufficient for Count 1 to proceed against Owens. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002).

### Count 2

Plaintiff asserts that while on crisis watch, he was given a staple and told to kill himself by Owens. He told Owens, Shern, and John Doe he was going to self-harm, and then he cut himself in front of them using the staple. All three Defendants disregarded Plaintiff's statements and acts

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).
[2] To the extent Plaintiff is bringing a Fourteenth Amendment substantive due process claim for deliberate indifference of his serious medical needs by Defendants (Doc. 1, p. 1), the claim is dismissed. The Court will examine that claim as a violation of the Eighth Amendment. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (where a claim is covered by a more specific constitutional provision, such as the Eighth Amendment, the Supreme Court has held that the claim must be analyzed under the standard appropriate to that specific provision instead of substantive due process).

of self-harm. Accordingly, Count 2 will proceed.

### Count 3

Plaintiff asserts that after he began cutting himself Defendants did not seek medical attention for him despite his requests and blood being visible and "everywhere." This is sufficient for Count 3 to proceed as pled.

### Count 4

Plaintiff has adequately alleged an intentional infliction of emotional distress claim against Defendants, and the Court will exercise supplemental jurisdiction over Count 4. *See McGreal v. Vill. Orland Park*, 850 F.3d 308, 315 (7th Cir. 2017) (discussing the elements of an intentional infliction of emotional distress claim).

### OFFICIAL CAPACITY CLAIMS

Plaintiff is suing Defendants in both their individual and official capacities (Doc. 1, p. 1). Plaintiff, however, does not appear to be seeking any form of injunctive relief. State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, the official capacity claims directed against Defendants are dismissed with prejudice.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Owens. **COUNTS 2, 3,** and **4** will proceed against Owens, Shern, and John Doe. All claims against Wills are **DISMISSED**. Wills shall remain a defendant in his official capacity only for the purpose of responding to discovery aimed at identifying the John Doe Defendant.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Wills (official capacity), Owens, Shern, and John Doe (once identified) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Wills, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 25, 2025**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.