IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEON V. LIPSCOMB,<br><br>        Plaintiff,<br><br>v.<br><br>EZEKIEL OWENS, JASHAWN SHERRILL, and ETHAN KEMPFER,<br><br>        Defendants. | Case No. 24-cv-02508-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      This matter is before the Court on Plaintiff's Motion to Request Settlement Conference (Doc. 51) and Motion for Recruitment of Counsel (Doc. 52).

      In response to Plaintiff's request for a settlement conference, Defense Counsel has informed the Court that he has been given authority to negotiate settlement for this case and others and that the Defendants named in Plaintiff's cases who are represented by the Illinois Attorney General's Office are willing to participate in a global settlement conference. (Doc. 54). Accordingly, Plaintiff's Motion to Request Settlement Conference is **GRANTED**. (Doc. 51). This case will be referred to settlement in a separate order.

      Plaintiff's Motion for Recruitment of Counsel is **DENIED**. (Doc. 52). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

As to his threshold burden of making a reasonable attempt to recruit counsel, Plaintiff states that he wrote letters to attorneys at the law firms of Loevy and Loevy, Uptown People's Law Center, and others but either they are unable to represent him, or they did not respond at all. (Doc. 52, p. 2). This limited information is not sufficient for the Court to determine that Plaintiff made a reasonable effort to find a lawyer prior to seeking assistance from the Court.

The Court further finds that Plaintiff is capable of representing himself at this stage in the case. Plaintiff states that he cannot continue to prosecute his claims *pro se* due to his mental health issues. He informs the Court that that he is taking several psychiatric medications to help him function, but the medications cause confusion and drowsiness. The medications also cause Plaintiff to "space out" daily. (Doc. 52, p. 1). Plaintiff asserts that he only has a ninth-grade education level, the issues in this case are complex, and he has limited access to the law library. And finally, Plaintiff argues he is need of legal counsel because he will be unable to obtain the necessary discovery to prosecute his case. He asserts that he is unable to obtain an expert witness or investigate his claims now that he has been transferred to a different institution.

Despite these obstacles, the case has not become too difficult for Plaintiff to litigate himself. The case has not reached merits discovery, and at Plaintiff's request, the Court will refer this matter to settlement. Although Plaintiff is on medication that impacts his cognitive function, he has filed a successful Complaint and various motions with the Court. Plaintiff also was able to identify and substitute the John Doe Defendant. (*See* Doc. 4, 22, 23, 41, 51). He continues to communicate with the Court and demonstrate an understanding of the Court's instructions. Thus, he has the capabilities to participate in a settlement conference and articulate his requested relief. Recruited counsel is not warranted at this time.

IT IS SO ORDERED.

DATED: February 19, 2026

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**